```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

D-MED, INC.; JAMES J. GUTZWILLER,  )
JEANNINE GUTZWILLER; RAYMOND G.    )
GUTZWILLER; CHARLES HOLLAND;       )
ADAIR CAPITAL PARTNERS I, LLC;     )
TERRY OCHS; RUTH OCHS; and         )
DAVID J. SILVER,                   )
                                   )
        Plaintiffs                 )
                                   )       No. 3:07-0419
v.                                 )       Judge Trauger/Brown
                                   )
MID-AMERICA ENERGY, INC.;          )
MID-AMERICA OIL & GAS, LLC;        )
GARY MILBY; MUFREESBORO OIL        )
#1, LLP; FREEDOM OIL #1, LLP;      )
and BIG CREEK OIL #1, LLP,         )
                                   )
        Defendants                 )

**TO:  The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

#### I.  INTRODUCTION

The Plaintiffs in this case have filed a motion for default judgment as to all Defendants (Docket Entry 27), and the Clerk has now entered default as to all Defendants (Docket Entries 28 and 34). The matter has been referred to the undersigned for a report and recommendation on the entry of a default judgment (Docket Entries 29 and 34).

For the reasons stated below, the Magistrate Judge recommends that the Plaintiffs' motion for default judgment against the Defendants (Docket Entry 27) be **GRANTED** and the District Judge enter the judgment against the Defendants as set forth in the proposed order and judgment which are attached to this report and recommendation.

## I. BACKGROUND

The Plaintiffs filed a complaint on April 16, 2007 (Docket Entry 1), alleging that they were investors in various companies alleged to be in the oil and gas business and controlled or operated by Gary Milby. The Plaintiffs allege that as investors they invested a total of $186,000 in various of these companies and that their investment was obtained by fraud committed by Milby. In general, they allege that their money was supposed to be invested in various oil wells and the operations necessary to drill various oil wells. They allege that the money was not spent as promised and that their entire investments have been lost. Service of process was obtained on all of the Defendants and default was entered by the Clerk against all Defendants except Gary Milby on August 2, 2007. Subsequently, the Plaintiffs show that Mr. Milby was not in military service and default was entered against him on August 6, 2007 (Docket Entry 34).

The undersigned set the matter for a hearing on August 23, 2007, for the purpose of establishing damages. At the time of the hearing counsel for the Plaintiffs appeared, but none of the Defendants appeared, either in person or through counsel.

At the hearing, counsel for the Plaintiffs advised they wished only to seek damages in the amount alleged in their complaint and that they would forego requests for attorneys' fees, costs, punitive damages and prejudgment interest. They stated that they stood by their previous affidavits and their complaint.

2

### III. LEGAL DISCUSSION

Inasmuch as the Defendants have failed to respond in any way to these proceedings, and in particular to the motion for default judgment, the Court may take the motion as unopposed under the Court's Local Rules. In addition, the Sixth Circuit has held that upon entry of the default, a court may award a judgment based upon well-pled facts in the pleadings. *Smith v. CIR*, 926 F.2d 1470 (6th Cir. 1991); *Trice v. Lake and Country Real Estate*, 831 F.2d 1064, 1987 WL 38852 Unpublished Disposition (6th Cir. 1987). From the pleadings and the ruling by the Clerk, it now appears that none of the Defendants are infants, incompetent, or in the military service. The Plaintiffs have greatly simplified the Court's job by foregoing the claims for punitive damages and simply requesting the judgment in the amount of their investment which they state has been lost. Under these circumstances the Magistrate Judge believes that the Plaintiffs are entitled to judgment in the amount of their stated loss and would further be entitled to post-judgment interest from the date of the entry of the judgment.

### IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Plaintiffs' motion for default judgment against the Defendants (Docket Entry 27) be **GRANTED** and that the District Judge enter the order and judgment which are **attached** to this report and recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and

3

Recommendation in which to file any written objections to this Recommendation, with the District Judge. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 29th day of August, 2007.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge